541



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable T. J. Tucker
County Attorney
Sulphur Springs, Texas

Opinion No. O-7339

Re: The power and authority of
the City Commission of
Sulphur Springs to grant
a motor bus franchise with-
out submission to popular
vote.

Dear Sir:

You have requested the opinion of this Department as follows:

"The City Commission of Sulphur Springs has on file an application requesting a franchise to operate a bus company within its city limits. The application has been favorably approved by the City Commission and a City Ordinance granting the franchise has been drawn and published in the Sulphur Springs daily newspaper for four consecutive weeks on the following dates, July 7th, 14th, 21st and 28th, 1946.

"To date there has been no protest or petition for an election regarding the application for a franchise.

"In view of the above, it is requested that we have your opinion as to whether or not the City Commission of Sulphur Springs can now grant this franchise without submitting the question to the people of the city for a vote. Attached hereto is a copy of the above referred to ordnance, for your information."

The City of Sulphur Springs is operating under a charter granted in 1911 by the Legislature of Texas (Chapter 43, page 375, Acts of the 32nd Legislature). We are informed that in 1937 the qualified voters of Sulphur Springs, at a

Hon. T. J. Tucker - Page 2

regularly called election, disapproved the adoption of the Home Rule Amendment.

Subsection (qq) of Section 1 of Article XV of the Special Charter of the City of Sulphur Springs granted by the Legislature in 1911 reads as follows:

"(qq) Franchises for the use of the streets and public places of the city may be granted only by the affirmative vote of the mayor and both commissioners, but no franchise or privilege for the use of any of the public streets or other public places of the city shall ever be granted for any but a strictly public purpose, except as herein provided, and any grant of a franchise or privilege hereafter made for the use of any of the public streets or other public places within said city, where, from the nature of the case, the use thereof would be private or only colorably public, or chiefly for private purposes, shall be absolutely void except as herein provided; provided, that no ordinance granting a franchise shall become operative unless ratified by a majority vote of the quali - fied voters of the city, if within thirty days after the passage of such ordinance a petition signed by a number of qualified voters of not less than twenty per cent of the voters voting at the previous general city election shall be presented to the commissioners asking that said ordinance be submitted to a vote of the people. All such elections shall be held in accordance with the general laws governing such elections in said city."

The above quoted charter provisions are specific upon the procedure to be followed in the granting of a franchise by the City of Sulphur Springs for the purpose of operating a system of buses within the city. As such, the provisions of Subsection (qq) necessarily prevail over other general provisions in the charter, particularly Section 3 of Article XII upon the general subject of franchise granting ordinances.

You are advised that it is the opinion of this Department that the mayor and City Commission of Sulphur Springs, Texas, has the power and authority to make a grant of a franchise for the purpose of operating a system of buses in the City of Sulphur Springs without submission of the question to a vote of the qualified voters of the City, unless within thirty days after the passage of the franchise

Hon. T. J. Tucker - Page 3

granting ordinance, a petition signed by the requisite number of qualified voters as specified in Subsection (qq) shall be presented to the commissioners requesting that said ordinance be submitted to vote of the people.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Zollie C. Steakley
Assistant

ZCS:jt

